IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE KEMBERLING, | : | Civil No. 3:20-cv-1760 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| MARK CAPOZZA, *et al.,* | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Anthony Lee Kemberling ("Kemberling") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), seeking relief from an aggregate

sentence of 30 to 60 years' imprisonment entered in the Court of Common Pleas of

Lebanon County, Pennsylvania, on July 1, 2016, in criminal case CP-38-CR-0000263-2015,

following his February 10, 2016 conviction of rape of a child less than thirteen years of age,

and several related crimes.  The petition is ripe for disposition.  For the reasons discussed

below, the Court will deny the petition.

I.   **State Court Factual Background & Procedural History[1]**

On March 13, 2015, Kemberling was charged with rape of a child, involuntary

deviate sexual intercourse with a child, aggravated assault of a child, indecent assault,

---

[1]   A federal habeas court may take judicial notice of state court records. *Minney v. Winstead*, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).  Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets in the Court of Common Pleas of Lebanon County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

endangering the welfare of children, and corruption of minors for sexual acts perpetrated by Kemberling on his step-granddaughter. *Commonwealth v. Kemberling*, No. CP-38-CR-0000263-2015 (Pa. Ct. Com. Pl. Lebanon Cnty.). In February 2016, a jury convicted Kemberling of all charges. *See id.* On July 1, 2016, the trial court imposed a sentence of 30 to 60 years of incarceration. *See id.*

Kemberling filed a timely post-sentence motion. (Docs. 15-15, 15-16). On November 15, 2016, the trial court denied the motion. (Doc. 15-18).

Kemberling then filed a timely direct appeal. (Doc. 15-19). On October 26, 2017, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Kemberling*, 2087 MDA 2016, 2017 WL 4861629 (Pa. Super. 2017). Kemberling filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on April 30, 2018. *Commonwealth v. Kemberling*, 184 A.3d 940 (Pa. 2018).

On March 13, 2019, Kemberling filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 15-27). Counsel was appointed to represent Kemberling, who filed two amended petitions and a supplement to the amended petitions. (Docs. 15-28, 15-29, 15-30). Following a hearing, the PCRA court denied the petition on October 16, 2019. (Doc. 15-31, 15-34).

Kemberling filed a notice of appeal to the Pennsylvania Superior Court. (Doc. 15-35). On April 13, 2020, the Pennsylvania Superior Court affirmed the decision of the PCRA

court and denied relief. *Commonwealth v. Kemberling*, 236 A.3d 1091, 2020 WL 1847497

(Pa. Super. 2020). Kemberling filed a petition for allowance of appeal with the Pennsylvania

Supreme Court, which was denied on August 12, 2020. *Commonwealth v. Kemberling*, 237

A.3d 970 (Pa. 2020).

Kemberling then filed the instant petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254. (Doc. 1).

## II.   Habeas Claims Presented for Federal Review

Kemberling seeks federal review of the following issues:

- Ground One: Trial counsel was ineffective for failing to request, interview, and present character witnesses to testify on Kemberling's behalf at trial

- Ground Two: Denial of due process based on the Commonwealth's failure to provide sufficient evidence of Kemberling's guilt at trial

- Ground Three: Denial of due process because the verdict was against the weight of the evidence

- Ground Four: Kemberling is actually innocent of the underlying crimes

(Doc. 1).

## III.   Legal Standards

### A.   Exhaustion and Procedural Default

Before the federal court can consider the merits of a habeas claim, a petitioner must

comply with the exhaustion requirement of section 2254(b), which requires a petitioner to

"give the state courts one full opportunity to resolve any constitutional issues by invoking

3

one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion requires the petitioner to present to the state courts the same factual and legal theory supporting the claim. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990). It also requires the petitioner to preserve each claim at the state appellate level. *See Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing *O'Sullivan*, 526 U.S. at 844-45). The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to

4

comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

### B.   Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of correctness applies to both explicit and implicit findings of fact.

6

*Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).   Consequently, a habeas petitioner

"must clear a high hurdle before a federal court will set aside any of the state court's factual

findings."  *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination

should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C.

§ 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v.*

*Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979).  "This provision essentially requires the district court to step into the shoes of an

appellate tribunal, examining the record below to ascertain whether sufficient evidence

existed to support the findings of fact material to the conviction."  *Breighner v. Chesney*, 301

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)(3)).  Mere

disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362,

408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding

lacks evidentiary support in the state court record or is plainly controverted by evidence

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### C.    Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless

argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV.    Discussion

### A.    Ground One—Failure to Present Character Witnesses

Kemberling alleges that trial counsel was ineffective for failing to request, interview, and present character witnesses to testify on his behalf at trial. (Doc. 1, p. 6; Doc. 2, pp. 1-3). In considering this claim, the PCRA court set forth the following standard of review: "In establishing whether defense counsel was ineffective for failing to call witnesses, a

defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudices petitioner and denied him a fair trial." (Doc. 15-34, p. 5, citing *Commonwealth v. Cox*, 603 Pa. 233, 268, 983 A.2d 666, 693 (Pa. 2009)). The PCRA court held a hearing, considered the testimony of the three potential witnesses, and found that the testimony did not constitute proper character evidence and that its absence from trial did not prejudice Kemberling. (Doc. 15-34). In affirming the PCRA court's denial of this claim, the Pennsylvania Superior Court found as follows:

> Appellant raises the following issue on appeal:
>
>> Whether…Appellant was denied his constitutionally guaranteed right to effective representation when [t]rial [c]ounsel failed to request and interview any character witnesses to testify on Appellant's behalf regarding his character and positive reputation in the community[.]
>
> Appellant's Br. at 4.
>
> We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).
>
> Appellant contends that trial counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). A claim will be denied if the petitioner fails to meet any one of these prongs. *See*

*Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)).

According to Appellant, trial counsel was ineffective because he failed to secure testimony from character witnesses willing to testify on Appellant's behalf. *See* Appellant's Br. at 7. In support of this assertion, Appellant points to the testimony adduced from three family members who appeared at his PCRA hearing. *See id.* at 8. Appellant does not discuss their testimony in detail, but he suggests that these witnesses could have provided the jury with a more accurate assessment of his "work ethic, role in the community[,] and mannerisms around minors." *Id.* at 10.

We have reviewed the testimony of Appellant's relatives. For the following reasons, we agree with the trial court that this testimony did not constitute proper character evidence and that its absence from Appellant's trial, therefore, did not prejudice him. *See* Trial Ct. Op., 10/16/19, at 7-8.

Generally, evidence of a person's character is not admissible to prove that the individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a)(1). However, a criminal defendant may offer evidence of his character traits that are pertinent to the crimes charged. Pa.R.E. 404(a)(2).

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged…. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1201-02 (Pa. Super. 2018) (citations and emphasis omitted).

Where the crimes charged involve sexual violence, "evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa. Super. 2003) (citation omitted).

There is no rule precluding relatives of a criminal defendant from providing character evidence.  However, evidence of relatives' personal observations or experience with the defendant does not constitute proper character testimony. *Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002); *see also Commonwealth v. Medina*, 209 A.3d 992, 998 (Pa. Super. 2019) ("[O]nly reputation evidence may be used to prove character, not the individual's opinion of the [a]ppellant's character."); Pa.R.E. 405(a).

Appellant faced charges of sexual violence.  However, the character evidence proffered by Appellant did not address his general reputation in the community for non-violence or chastity, character traits pertinent to the crimes charged.  Rather, for example, Appellant's brothers both testified to his strong work ethic.  *See* N.T. PCRA at 13-15, 16-18.  Thus, the PCRA court was correct to reject this testimony.  *Goodmond, supra*; *Lauro, supra*.

Appellant's relatives also testified that they never observed Appellant behave inappropriately around children.  *See* N.T. PCRA at 14-15, 18, 22.  However, while such evidence may imply the relevant trait of good moral character, *see Lauro*, 819 A.2d at 109, his relatives were unable to testify to his reputation in the community as required.  *Goodmond, supra*.  Indeed, as noted by the PCRA court, Appellant's aunt did not even reside in Appellant's community. *See* N.T. PCRA at 21, 23.  Their personal observations or opinions of Appellant do not constitute proper character evidence.  *Van Horn, supra*. Appellant failed to proffer proper character evidence and, therefore, could not establish that his counsel's decision to forgo introducing the testimony of his relatives in any way prejudiced him at trial.  *Treiber, supra*.  Thus, we discern no error in the PCRA court's decision to deny Appellant collateral relief. *Jarosz, supra*.

*Commonwealth v. Kemberling*, 2020 WL 1847497, at *2-3.

The state court's analysis can be justified under *Strickland*.  Trial counsel's decision to refrain from calling character witnesses reflected sound strategic judgments in the factual context of this case.  If offered at trial, the testimony would not have been admissible because it was improper character evidence.  For example, at the PCRA hearing, Kemberling's brothers testified regarding their personal observations, which did not meet

the standard for character evidence outlined in the Pennsylvania Rules of Evidence.  (Doc.

15-31).  And, Kemberling's aunt did not even reside in his community and could not testify

as to his reputation in the community.  (*Id.*).

The United States Court of Appeals for the Third Circuit has held that the precise

choice made here, to forego calling certain witnesses, is an appropriate tactical decision

that does not entitle a petitioner to habeas corpus relief on the grounds of ineffective

assistance of counsel.  *Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006).  *See*

*also Sanders v. Trickey*, 875 F.2d 205, 212 (8th Cir. 1989) (trial counsel's failure to call a

witness "is precisely the sort of strategic trial decision that *Strickland* protects from second-

guessing").  The state court's determination that counsel's performance was not deficient is

not an unreasonable application of *Strickland*.  Kemberling is not entitled to relief on this

claim.

## B.    Ground Two—Sufficiency of the Evidence Claim

Kemberling alleges that he was denied due process based upon insufficient

evidence.  It is clear that this issue was raised on direct appeal.  The Pennsylvania Superior

Court rejected Kemberling's challenge to the sufficiency of the evidence and affirmed the

judgment of sentence.  *Commonwealth v. Kemberling*, 2017 WL 4861629.  Respondent

argues that Kemberling failed to raise this issue in his petition for allowance of appeal to the

Pennsylvania Supreme Court.  (Doc. 15-1, pp. 9-10).  However, it is not necessary for a

Pennsylvania inmate to petition the state supreme court for allocatur to exhaust state

remedies and seek habeas relief in federal court. In 2000, the Pennsylvania Supreme Court issued Order No. 218, which declared that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); *see also* PA. R. APP. P. 1114 historical notes (Order of May 9, 2000). The Third Circuit has recognized that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, a prisoner's presentation of his claims to the Pennsylvania Superior Court is sufficient to exhaust available state remedies for federal habeas purposes. *See Lambert*, 387 F.3d at 233. This ground for relief will therefore proceed to a merits review.

The "clearly established Federal law" governing sufficiency of the evidence claims is set forth in the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic

facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (quoting *Jackson*,

443 U.S. at 319).

On direct appeal, Kemberling argued that "the Commonwealth failed to present

sufficient evidence at trial to prove beyond a reasonable doubt that the Defendant had

unlawful sexual contact." *Commonwealth v. Kemberling*, 2017 WL 4861629, at *1.  In

rejecting Kemberling's sufficiency of the evidence claim, the Pennsylvania Superior Court

set forth the following:

> Appellant's first issue is a challenge to the sufficiency of the evidence of each
> of the sexual offenses of which he was found guilty.  He maintains that the
> Commonwealth failed to offer sufficient evidence "that he penetrated A.C.'s
> genitalia with his penis, that his penis touched A.C.'s mouth and/or lips, that
> he digitally penetrated A.C.'s genitalia, that he touched any part of A.C.'s
> body for anything other than a lawful hygienic purpose, and that he showed
> A.C. pornography."  Appellant's brief at 11.  In essence, although his
> argument is woefully underdeveloped, Appellant is arguing that there was no
> evidence of 1) sexual intercourse to support the rape charge; 2) oral or anal
> sexual contact to support the IDSI charge; 3) penetration however slight
> required for aggravated indecent assault of a child; 4) indecent contact with
> person less than thirteen years old; 5) endangering the welfare of a child
> under 18 years of age whom he was supervising "by violating a duty of care,
> protection, or support; 6) showing the minor victim pornography so as to
> sustain his conviction of corrupting the morals of a minor.  He concedes,
> however, that the uncorroborated testimony of a rape victim, if believed, is
> sufficient to support a rape conviction and that no medical testimony is
> required.
>
> In reviewing a challenge to the sufficiency of the evidence, we must
> determine "whether the evidence admitted at trial, and all the reasonable
> inferences derived therefrom viewed in favor of the Commonwealth as verdict
> winner, supports the jury's finding of all the elements of the offense beyond a
> reasonable doubt." *Commonwealth v. Packer*, 2017 Pa. LEXIS 1942 n.3 (Pa.
> 2017) (quoting *Commonwealth v. Cash*, 137 A.3d 1262, 1269 (Pa. 2016)[)].
> Based upon our review of the record, we conclude that the evidence was

sufficient to prove beyond a reasonable doubt that Appellant engaged in the unlawful sexual acts charged.  Ten-year-old A.C. testified that, on multiple occasions, Appellant removed her clothing and touched her private part with his penis, and that his penis went inside her private part.  N.T. Jury Trial, 2/9/16, at 11-12.  Thus, he engaged in sexual intercourse with complainant, then three or four years old.  She also testified that he used his penis to touch her mouth and anus, conduct constituting aggravated indecent assault.  *Id.* at 13-14.  Her testimony that his penis penetrated her mouth, and that he also directed her to put her mouth on his penis, establishes IDSI.  A.C. testified to the presence of seminal fluid, although not in those words, which was sufficient to sustain a conviction of indecent assault.  *Id*. at 17.  A.C.'s account of Appellant's use of his grandfatherly relationship to lure her to the trailer for purposes of engaging in illegal sexual conduct is endangering the welfare of a child.  The victim explained that, in her presence, Appellant would watch videos of "people having sex," and she saw the videos as well, which is sufficient to prove corruption of a minor.  *Id.* at 15.  As she testified, A.C. marked a female anatomical drawing depicting the places on her body where Appellant touched her, which was admitted into evidence as Commonwealth Exhibit 3.  *Id.* at 43.

The victim's testimony alone was sufficient to sustain the convictions of the charged sexual offenses.  *See Commonwealth v. Purcell*, 589 A.2d 217 (Pa. Super. 1991).  In addition, the Commonwealth offered a January 5, 2015 videotaped interview of the victim by Scott Smith, a child interview specialist with the Pinnacle Health Children's Resource Center ("CRC").  The evidence of the sexual conduct underlying each offense was sufficient to sustain the convictions of rape, IDSI, aggravated indecent assault, indecent assault, endangering the welfare of a child, and corruption of minors.  Appellant's claim is meritless.

*Commonwealth v. Kemberling*, 2017 WL 4861629, at *2-3.

Clearly, the Superior Court applied the Pennsylvania equivalent of the *Jackson*

standard.  *See Evans v. Court of Common Pleas, Delaware Cnty.*, 959 F.2d 1227, 1233 (3d

Cir. 1992) (noting that the test for sufficiency of the evidence is the same under both

Pennsylvania and federal law).  Because the Superior Court applied the correct legal

standard, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1).

*See, e.g., Williams*, 529 U.S. at 405-06.

The Court next considers whether the trial court's decision amounted to an

"unreasonable application" of *Jackson.*

> *Jackson* claims face a high bar in federal habeas proceedings because they
> are subject to two layers of judicial deference. First, on direct appeal, "it is the
> responsibility of the jury…to decide what conclusions should be drawn from
> evidence admitted at trial. A reviewing court may set aside the [trial court's]
> verdict on the ground of insufficient evidence only if no rational trier of fact
> could have agreed with the [trial court]." *Cavazos v. Smith*, 565 U.S. 1
> (2011). And second, on habeas review, "a federal court may not overturn a
> state court decision rejecting a sufficiency of the evidence challenge simply
> because the federal court disagrees with the state court. The federal court
> instead may do so only if the state court decision was 'objectively
> unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766 (2010)).
>
> - - -
>
> [T]he only question under *Jackson* is whether [the state court's] finding was
> so insupportable as to fall below the threshold of bare rationality. The state
> court of last review did not think so, and that determination in turn is entitled
> to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

*Coleman,* 566 U.S. at 651, 656.

Kemberling's sufficiency of the evidence argument raised here echoes the argument

raised in state court. (Doc. 1, p. 7; Doc. 2, p. 3). He essentially argues that there was no

physical, scientific, or forensic evidence to support the convictions. (*Id.*; *Id.*).

In considering the issue, the Superior Court found that "the victim's testimony alone

was sufficient to sustain the convictions of the charged sexual offenses." *Commonwealth v.*

*Kemberling*, 2017 WL 4861629, at *3. The Superior Court noted that the trial testimony, in

conjunction with the videotaped interview of the victim, was sufficient to sustain the

convictions of rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, endangering the welfare of a child, and corruption of minors. The state court detailed the victim's testimony and stated that "the evidence was sufficient to prove beyond a reasonable doubt that Appellant engaged in the unlawful sexual acts charged." *Id.*

Significantly, Kemberling does not argue that the state court's reliance on the above testimony "was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. Instead, he argues that "there were no third party eye witnesses [sic] or anything else to support the charges against Petitioner except the testimony of the victim who was three years old when the alleged acts happened." (Doc. 2, p. 3).

"28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Indeed, under the *Jackson* standard, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup*, 513 U.S. at 330. The proper question is not whether the witnesses were credible, but "whether there is sufficient evidence which, if credited, could support the conviction." *Id.* Further, *Coleman* cautioned courts that *Jackson* does not permit "imping[ing] on the jury's role as factfinder" through "fine-grained factual parsing." *Coleman*, 566 U.S. at 655. Rather, "*Jackson* leaves juries broad discretion in deciding what

inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.' [*Jackson*, 443 U.S.] at 319." *Id.*

Taking into consideration all of this evidence as a whole, and viewing the evidence in the light most favorable to the prosecution, the Court finds that the state court's conclusion that there was sufficient evidence at trial to establish the necessary elements for rape of a child, as well as several related crimes, and to sustain the verdict, is not objectively unreasonable. *Jackson*, 443 U.S. at 319. There simply is no possibility that fair-minded jurists could find that this determination conflicts with applicable Supreme Court precedent. Nor, based on review of the state court evidence, is it an unreasonable determination of the facts.

### C.      Ground Three—Weight of the Evidence Claim

Kemberling next contends that he was denied due process because the verdict was against the weight of the evidence.

"A claim that a conviction was against the weight of the evidence is non-cognizable in a habeas corpus case because Federal habeas courts are bound by the factual findings of the State courts and, accordingly, cannot reassess the weight of the trial evidence which was before those courts." *Lowry v. Weneronicz*, Civ. No. 11-165, 2014 WL 556191, at *14 (W.D. Pa. Feb. 13, 2014) (citing *Marshall*, 459 U.S. at 434-35 (federal courts are not permitted "to redetermine [the] credibility of witnesses whose demeanor has been observed [only] by the state trial court")). The credibility of witnesses and the resolution of conflicts of

evidence fall within the exclusive province of the factfinder and, therefore, are beyond the

scope of federal habeas review.  *Jackson*, 443 U.S. at 319; *Lowry*, 2014 WL 556191, at *15.

*See also Tibbs v. Florida*, 457 U.S. 31, 37 (1982) (weight of evidence claim raises questions

of credibility).

In affirming the judgment of sentence, the Pennsylvania Superior Court rejected

Kemberling's claim that "the jury placed too great a weight on the testimony of the Victim,

A.C."  *Commonwealth v. Kemberling*, 2017 WL 4861629, at *1.  The Superior Court found

as follows:

> Next, Appellant alleges that the verdicts were against the weight of the
> evidence and a new trial is required.  Specifically, he alleges that the jury
> placed too great a weight upon A.C.'s testimony in the absence of physical
> evidence of injuries.  As the Commonwealth correctly notes, "[a] motion for
> new trial based on a claim that the verdict is against the weight of the
> evidence is addressed to the discretion of the trial court."  *Commonwealth v.
> Widmer*, 744 A.2d 745, 751-52 (Pa. 2000).  A mere conflict in testimony or
> evidence is not enough.  Rather, "the role of the trial judge is to determine
> that 'notwithstanding all the facts, certain facts are so clearly of greater weight
> that to ignore them or to give them equal weight with all the facts is to deny
> justice.'"  *Id*. at 752 (citation omitted).  It has often been stated that, "a new
> trial should be awarded when the jury's verdict is so contrary to the evidence
> as to shock one's sense of justice and the award of a new trial is imperative
> so that right may be given another opportunity to prevail."  *Commonwealth v.
> Clay*, 64 A.3d 1049, 1055 (Pa. 2013).
>
> This Court's standard of review is not the same as that of the trial court.  We
> do not step into the shoes of the trial judge and look at whether the verdict
> was against the weight of the evidence,
>
>> Appellate review of a weight claim *is a review of the exercise of
>> discretion, not of the underlying question of whether the verdict is
>> against the weight of the evidence*.  Because the trial judge has had
>> the opportunity to hear and see the evidence presented, an appellate

court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Clay, supra* at 1055 (citations omitted) (emphasis in original).

After enunciating the proper legal standard, the trial judge concluded that the jury's verdict was not "so contrary to the evidence as to shock one's sense of justice." Trial Court Opinion, 11/15/16, at 9. We find no abuse of discretion.

*Commonwealth v. Kemberling*, 2017 WL 4861629, at *4-5.

Kemberling's claim that the verdict was against the weight of the evidence provides no basis for federal habeas review since it requires reassessment of the credibility of the evidence presented at trial. "[A] claim that the verdict is against the weight of the evidence requires the reviewing court to reassess the credibility of the evidence presented at trial." *Lockhart v. Patrick*, No. 06-CV-1291, 2014 WL 4231233, at *22 (M.D. Pa. Aug. 26, 2014). However, federal habeas courts are not permitted to reassess state-court credibility findings. *Id.* (citing *Marshall*, 459 U.S. at 434-35, and *Tibbs*, 457 U.S. at 37-45); *see also Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) (observing that "a federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the weight of the evidence"). Consequently, the Court concludes that this claim fails as it is not cognizable in a federal habeas proceeding.

### D.     Ground Four—Actual Innocence Claim

To qualify for relief under a theory of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The limited nature of this exception is underscored by the court's explicit observation that "claims of actual innocence are rarely successful." *Id.*

In his petition, Kemberling states that he is actually innocent of the underlying crimes.  (Doc. 2).  Fatal to the instant petition, actual innocence claims focus on "new" evidence— "relevant [exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical] evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28.  Kemberling has not produced any new evidence that would persuade this Court that no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  To the contrary, Kemberling's arguments focus on the interpretation and rehashing of arguments and testimony adduced during the state court proceedings.  Kemberling failed to present any new evidence and, instead, claims that Respondents "did not present any reliable inculpatory scientific evidence, trustworthy eyewitness accounts, nor critical physical evidence at trial." (Doc. 18, p. 3).  Because Kemberling's case is not one of those "rare" cases, which presents new reliable evidence that was not presented at trial, he is not entitled to relief under a theory of actual innocence.

V.    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

Kemberling failed to demonstrate that a certificate of appealability should issue.

VI.   **Conclusion**

The Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October __2__, 2023